UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

  -vs.-                      Case no. 2:21-cv-10620

JEANISIA SAQUISE ALLEN; FIRST
CHOICE TAX SOLUTIONS, LLC; THE
TAX EXPERTS, INC.; THE TAX EXPERTS,
LLC; and TOP NOTCH TAXES, INC.,

        Defendants.
_____/

**UNITED STATES' MOTION TO COMPEL RULE 26(a)(1) DISCLOSURES, RESPONSES TO INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS, AND BRIEF IN SUPPORT**

The United States moves for an order compelling the Defendants to 1) produce their initial disclosures required by Fed. R. Civ. P. 26(a)(1) and the Court's Case Management and Scheduling Order, 2) to respond to the United States' First Set of Interrogatories issued to each of the Defendants, and 3) produce a written response and all responsive documents to the government's First Set of Requests for Production of Documents issued to each of the Defendants.

The Defendants did not produce any Rule 26(a)(1) disclosures, nor did they timely respond to these discovery requests propounded to the Defendants on August 16, 2021. On September 28, 2021, undersigned counsel contacted the

1

Defendants' counsel, Leon Weiss, by letter and email regarding this failure. (Declaration of Daniel Applegate ¶ 6.) In response, the Defendants' counsel stated that he was retiring on October 1, and that a new counsel, Edward Warren (copied on the email from Mr. Weiss), would take over the representation of the Defendants. Undersigned counsel agreed "not to file a motion to compel the production of documents if all documents are produced by **November 9**" and "not to file a motion to compel [the Rule 26(a)(1) disclosures and interrogatory responses] if the disclosures and interrogatory responses are produced by **October 25**." (*Id*.) Subsequently, undersigned counsel and Mr. Warren have also discussed this matter by telephone and email. As of the filing of this motion, the Defendants have not produced their Rule 26(a)(1) disclosures, responded to the interrogatories, or produced any documents in response to the requests for production of documents. (*Id*. at ¶ 8.) Thus, the United States accommodated the Defendants' request for more time to produce this information and documents, due to the retirement of their counsel. However, the Defendants still have not produced anything, and their failure is unnecessarily delaying this proceeding and prejudicing the United States.

On November 19, 2021, pursuant to Local Rule 7.1(a), undersigned counsel contacted Mr. Warren regarding this motion and explaining that we would be seeking to compel the Defendants' disclosures, interrogatory responses, and

documents responsive to the document requests. Mr. Warren stated that he understood the government's position in needing to file this motion, and that he hoped to serve the interrogatory responses before any court hearing. (*Id*. at ¶ 7.)

We note that Local Rule 37.2 requires that a "discovery motion filed pursuant to Fed. R. Civ. P. 26 through 37, shall include, in the motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion." Here, however, all <u>five</u> Defendants have failed to respond to <u>any</u> interrogatory or document request.[1] To include each and every interrogatory (totaling 80) and document request (totaling 270) verbatim would necessitate a voluminous brief.[2] Therefore, we have attached all discovery requests as Exhibits A-J and summarized each request in the brief to remain within the Court's 25-page limit set forth in Local Rule 7.1(d)(3).

---

[1] First Choice Tax Solutions, LLC, The Tax Experts, Inc., The Tax Experts LLC, and Top Notch Taxes, Inc. are referred to collectively as the "Corporate Defendants."

[2] Should the Court so order and allow the government to file a brief in excess of 25 pages (and likely around 50-60 pages), the government will re-file its brief with recitations of all of the interrogatories and document requests to the Defendants.

Dated: November 22, 2021

SAIMA SHAFIQ MOHSIN
Acting United States Attorney
DAVID A. HUBBERT
Deputy Assistant Attorney General

s/ Daniel A. Applegate
DANIEL A. APPLEGATE (P70452)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 353-8180
Fax: (202) 514-6770
daniel.a.applegate@usdoj.gov

&ast; LOCAL RULE CERTIFICATION: I, Daniel Applegate, certify that this motion and accompanying brief comply with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

## BRIEF IN SUPPORT OF MOTION TO COMPEL

The Defendants have not provided their Rule 26(a)(1) initial disclosures, responded to the government's interrogatories, or produced any documents in response to the government's document requests. Under Rule 26, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. When, as here, a party fails to respond to discovery seeking relevant information, Rule 37 permits "[a] party, upon reasonable notice to other parties and all persons affected" to "apply for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a).  A party waives its objections if it fails to respond to discovery requests within the allotted time. *See, e.g., Drutis v. Rand McNally & Co.,* 236 F.R.D. 325, 337 (E.D. Ky. 2006).

This is a suit for injunctive and equitable relief pursuant to 26 U.S.C. §§ 7402(a) and 7408.  The United States contends that the Defendants have engaged

1

in conduct subject to penalty under 26 U.S.C. §§ 6700 and 6701, and other conduct that interferes with the enforcement of the internal revenue laws. We are requesting that the Court permanently enjoin the Defendants from, among other things, preparing federal tax returns for others; promoting, organizing, or selling any plan or arrangement that involves the preparation of federal tax returns; and owning, selling, or licensing a tax preparation business or franchise.  We also seek an order requiring the Defendants to disgorge the ill-gotten gains they received (in the form of fees) in connection with the preparation of tax returns making false claims.

The United States filed this suit on March 22, 2021. On July 7, 2021, the parties submitted a Joint Discovery Plan proposing a deadline of August 13, 2021 for the required Rule 26(a)(1) disclosures. (ECF No. 18, PageID.111.)  On July 16, 2021, the Court entered a Case Management and Scheduling Order, requiring the parties to produce their Initial Disclosures pursuant to Rule 26(a)(1) by August 13, 2021. (ECF No. 19, PageID.114.)  The Defendants have not produced their initial disclosures as of the date of this motion. (Declaration of Daniel Applegate ¶¶ 1, 8.)

On August 16, 2021, the United States served on the Defendants its:

- First Set of Interrogatories to Jeanisia Allen, attached as Exhibit A;
- First Set of Interrogatories to First Choice Tax Solutions, LLC, attached as Exhibit B;
- First Set of Interrogatories to The Tax Experts, Inc., attached as Exhibit C;
- First Set of Interrogatories to The Tax Experts, LLC, attached as Exhibit D;

2

- First Set of Interrogatories to Top Notch Taxes, Inc., attached as Exhibit E;

- First Set of Requests for Production of Documents to Jeanisia Allen, attached as Exhibit F;

- First Set of Requests for Production of Documents to First Choice Tax Solutions, LLC, attached as Exhibit G;

- First Set of Requests for Production of Documents to The Tax Experts, Inc., attached as Exhibit H;

- First Set of Requests for Production of Documents to The Tax Experts, LLC, attached as Exhibit I; and

- First Set of Requests for Production of Documents to Top Notch Taxes, Inc., attached as Exhibit J.

(Applegate Decl. ¶¶ 2-3, Exs. A-J.) The Defendants did not respond to the interrogatories and did not produce any documents. (*Id*. at ¶¶ 5, 8.)

**A.    The Discovery Requests Seek Relevant Information and the Defendants Should be Compelled to Respond**.

Under 26 U.S.C. § 7402(a), district courts may enter injunctive and equitable relief, including disgorgement, where necessary or appropriate for enforcement of the internal revenue laws. "It is sufficient under § 7402 for the Government to prove a pattern of gross negligence or recklessness, so long as injunctive relief is 'necessary or appropriate for the enforcement of the internal revenue laws.'" *United States v. Stinson*, 239 F.Supp.3d 1299, 1324-1325 (M.D. Fla. Mar. 6, 2017) (internal citation omitted). *See United States v. Renfrow*, 612 F.Supp.2d 677, 691 (E.D.N.C. 2009). To obtain injunctive relief under 26 U.S.C. § 7408, the government must show that the Defendants engaged in conduct subject to penalty

under 26 U.S.C. §§ 6700 or 6701. This conduct includes organizing or selling a plan or arrangement and making or furnishing, or causing another person to make or furnish (in connection with such organization or sale), a statement with respect to the allowability of any deduction or credit, the excludability of any income, or the securing of any other tax benefit by participating in the plan or arrangement, which the person knows or has reason to know is false or fraudulent as to any material matter. *See United States v. Kaun*, 827 F.2d 1144, 1149 (7th Cir. 1987). It also includes aiding, advising, or assisting in the preparation of a tax return knowing (or having reason to believe) that it will be used in connection with any material matter arising under the internal revenue laws and will result in an understatement of another's tax liability. *See United States v. Preiss*, 2008 WL 2413895, at *5 (M.D.N.C. June 11, 2008); *Stinson*, 239 F.Supp.3d at 1322-1324.

The interrogatories and document requests here seek facts and evidence relevant to the government's claims for relief under §§ 7402 and 7408 and are proportional to the claims in this case.

### 1. The Interrogatories Seek Relevant Information and the Defendants Should be Compelled to Respond.

The government propounded 20 interrogatories to Allen and 15 interrogatories to each of the corporate defendants. The interrogatories addressed to Allen, and each of the Defendants individually seek, for the most part, the same type of information, as identified below. (*See* Exs. A, B, C, D, and E.)

4

## Interrogatory 1 to All Defendants

Interrogatory 1 asks the Defendants to identify the owners, franchisees, managers, and employees of their tax preparation business and/or stores.

This information is important for identifying witnesses who have knowledge of, among other things, the practices, training, and communications surrounding the preparation of tax returns at The Tax Experts and the Defendants' statements made in connection with organizing and selling The Tax Experts franchise.  A response will likely also identify witnesses who possesses relevant documents.

## Interrogatory 2 to All Defendants

Interrogatory 2 asks the Defendants to describe the ownership and managerial structure of their tax preparation businesses and/or stores.

This information is relevant to determining the Defendants' control over their businesses, franchisees, employees, and the actions of their franchisees and employees; to identify the Defendants' ownership and control of their tax preparation businesses; to identify the assistance the Defendants provided franchisees and employees with respect to the preparation of tax returns; and to determine the disposition of fees received for the preparation of tax returns at The Tax Experts stores.

## Interrogatories 3, 4, 5, and 6 to All Defendants

Interrogatories 3 and 5 ask the Defendants to identify the bank accounts into

5

which such fees were deposited for franchising their tax preparation business and for or related to the preparation of tax returns. Interrogatories 4 and 6 ask the Defendants to identify the fees and income that they received for franchising their tax preparation business, and that they and the tax preparation stores that they owned, franchised, managed, or controlled, received for the preparation, filing, and/or signing of federal tax returns.

The amount of fees that the Defendants received is directly related to the government's claim for disgorgement.  Moreover, to the extent that the Defendants may contest third-party records showing the fees disbursed to the Defendants, that information (pertaining to possible defenses raised by the Defendants) is discoverable to the government. Identifying the accounts into which the fees were deposited allows the government to obtain relevant records from those third-parties and to verify fee and income information provided by the Defendants.

**<u>Interrogatory 7 to All Defendants</u>**

Interrogatory 7 seeks information on all training, whether related to tax return preparation, tax law, operating a tax return preparation business, or ancillary tax return business matters such as advertising and customer service that the Defendants and their franchisees, managers, and employees received.

This information is important to identify how the Defendants (and their franchisees and employees) were taught to prepare tax returns, the Defendants' and

their franchisees' and employees' knowledge on how to prepare tax returns, any

training or instructions that the Defendants provided to franchisees and employees,

and identifying who was responsible for training or instructing franchisees and

employees on how to prepare tax returns, franchise a tax preparation business,

oversee tax preparation, and other tax preparation-related matters.

**Interrogatory 8 to Allen**

Interrogatory 8 seeks information on all training, whether related to tax

return preparation, tax law, operating a tax return preparation business, or ancillary

tax return business matters such as advertising and customer service that Allen and

the Defendants (and their franchisees and employees) provided to their franchisees,

managers, employees, and tax return preparers.

This information is important to identify how Allen and the Defendants (and

their franchisees and employees) instructed franchisees, employees, and tax return

preparers with respect to operating a tax preparation business and preparing

returns, and what instructions or information Allen and the Defendants conveyed.

**Interrogatory 9 to Allen, Interrogatory 8 to Corporate Defendants**

Interrogatory 9 to Allen (Interrogatory 8 to the Corporate Defendants) seeks

information on the source of training material that the Defendants used and

distributed to their franchisees, managers, and employees.

This information is important to determine who is involved in providing

training to the Defendants' franchisees, managers, and employees (and what their tax preparation-related experience may be), and identifying all persons with knowledge of and involvement with the training and materials provided.

**Interrogatory 10 to Allen, Interrogatory 9 to Corporate Defendants**

Interrogatory 10 to Allen and interrogatory 9 to the Corporate Defendants asks the Defendants to identify all tax return preparation stores where they have been employed or that they have owned, franchised, managed, or controlled. Interrogatory 9 to the Corporate Defendants also seeks information on the franchisee affiliated with the store and the fees that the Defendants received.

This information is relevant to identify all tax preparation stores through which the Defendants have received fees, which they have franchised or provided a capital investment, and which they may own or control. This is also important to allow the government to identify all potential customers of the Defendants, whose tax returns may have been prepared under the name of a tax preparer or tax preparation firm that is otherwise not known to be affiliated with the Defendants. The fee information is relevant to the government's disgorgement claim and to identify who or what entity received the fees from the stores.

**Interrogatory 11 to Allen, Interrogatory 10 to Corporate Defendants**

Interrogatory 11 to Allen and interrogatory 10 to the Corporate Defendants asks the Defendants to identify all Electronic Filing Identification Numbers they

and the tax preparation stores they owned or franchised used to file tax returns.

This is important to identify all of the tax returns that the Defendants and The Tax Experts have prepared and filed.

**Interrogatory 12 to Allen**

Interrogatory 12 to Allen asks her to identify all tax returns that she personally prepared.

This information is important to identify all tax returns that Allen personally prepared, whether or not she actually signed them as the paid preparer, and to enable the review of the claims that Allen made on those tax returns.

**Interrogatories 13 and 14 to Allen, Interrogatory 11 to Corporate Defendants**

Interrogatories 13, 14, and 15 to Allen, and interrogatory 11 to the Corporate Defendants (which corresponds with interrogatory 15 to Allen, focusing on policies and directives and quality control measures), ask Allen to identify what steps or actions, if any, she has taken to ensure that tax returns that her businesses prepared are lawful; what steps, if any, she has taken to restructure her tax preparation businesses in order to ensure that tax returns are prepared in compliance with the law; and what policies and quality control existed at the Defendants' businesses to ensure that tax returns complied with the law.

This information may show the knowledge that the Defendants have regarding the illegality of the tax preparation practices at their businesses, and any

defenses they may raise regarding their reliance on individuals or documentary materials (and on whom or what they contend they relied). These interrogatories may also lead to information that will identify any third-parties whom the Defendants hired to conduct an audit or review of the Defendants' tax preparation practices, and to identify any studies, analyses, reports, or recommendations generated by such third-parties regarding the Defendants' tax preparation practices. To the extent that the Defendants engaged with a third party to conduct an independent audit or review of their tax preparation businesses and practices, the results of that audit or review, and any material that an auditor reviewed to create a report or analysis, are relevant to the claims and defenses in this case. It may also show what actions the Defendants took (or failed to take) in connection with ensuring the proper and legal preparation of tax returns.

**Interrogatory 16 to Allen, Interrogatory 12 to the Corporate Defendants**

Interrogatory 16 to Allen and interrogatory 12 to the Corporate Defendants asks the Defendants to identify who provided the tax preparation software that the Defendants' businesses and franchises used to prepare tax returns.

This is important to identify any third-party that provided the software that the Defendants used to prepare and file tax returns, so that we may obtain relevant information from any such third-party.

**Interrogatory 17 to Allen, Interrogatory 13 to the Corporate Defendants**

Interrogatory 17 to Allen and interrogatory 13 to the Corporate Defendants asks the Defendants to identify the bank or financial institution that processed the tax returns of the Defendants' customers or provided refund or loan products.

This is important to identify any third-party that processed customers' tax refunds so that we may obtain relevant information from any such third-party, including on tax preparation fees taken from those refunds and transmitted to the Defendants.

**Interrogatory 18 to Allen**

Interrogatory 18 to Allen asks her to identify all store locations of tax preparation businesses she owned or franchised under the name The Tax Experts and The Tax Experts on the Go.

This is important to identify all of the tax preparation stores that the Defendants were affiliated with, all of the franchisees of the Defendants, and all of the various fees that the Defendants received related to each of those stores.

**Interrogatory 19 to Allen, Interrogatory 14 to Corporate Defendants**

Interrogatory 19 to Allen (Interrogatory 14 to the Corporate Defendants) seeks information regarding the marketing, promotion, sale, and franchising of The Tax Experts and Tax Experts On The Go Corporation tax preparation businesses.

This is important to determine, for example, who was involved with the

11

marketing, promotion, sale, and franchising of The Tax Experts and Tax Experts On The Go Corporation; what material and information was provided in connection with that marketing, promotion, sale, and; and how those businesses were marketed and sold to franchisees and potential franchisees.

**Interrogatory 20 to Allen, Interrogatory 15 to Corporate Defendants**

Interrogatory 20 to Allen (Interrogatory 15 to the Corporate Defendants) seeks information on any investigations of possible fraudulent tax return preparation at The Tax Experts and Tax Experts On The Go Corporation.

This information may show the knowledge that the Defendants have regarding fraudulent tax preparation practices at their businesses, and may also lead to information that will identify any third-parties who have knowledge of such practices.  It may also identify any studies, analyses, reports, or recommendations generated by, or actions taken by, third-parties regarding the Defendants' tax preparation practices. It may also show what actions the Defendants took (or failed to take) in connection with ensuring the proper and legal preparation of tax returns.

2.  **The Document Requests Seek Relevant Information and the Defendants Should be Compelled to Produce all Responsive Documents within their Possession, Custody, and Control.**

The documents sought from the Defendants are relevant to the claims in the case and vitally important to the government in proving its case. The Defendants failed to provide any responsive documents or a written response to the requests.

For purposes of requests pursuant to Fed. R. Civ. P. 34, a party's "control" over documents "'has been construed broadly by the courts as the legal right, authority, or practical ability to obtain the materials sought on demand.'" *Steele Software Sys., Corp. v. DataQuick Info. Sys., Inc.*, 237 F.R.D. 561, 564 (D. Md. 2006) (quoting *SEC v. Credit Bancorp, Ltd.,* 194 F.R.D. 469, 471 (S.D. N.Y. 2000)). The document requests addressed to Allen, and each of the Defendants individually seek, for the most part, the same type of documents, as identified below. (*See* Exs. F, G, H, I, and J.)

Request 1 to Allen seeks copies of tax returns personally prepared, signed, or filed, or assisted in preparing. These returns are important because, to the extent that Allen may try to blame the wrongdoing on franchisees or employees, the returns Allen personally prepared will likely show whether she engaged in the same misconduct as her franchisees and employees. This request is also important because it requires Allen to identify and produce tax returns she prepared or assisted in preparing, whether or not she signed the tax return as the paid preparer.

Requests 2, 3, and 4 to Allen, and requests 1, 2, and 3 to the Corporate Defendants, seek copies of tax returns prepared by the Defendants and the tax preparation business that they owned, franchised, managed, or otherwise controlled, and their (and their tax preparation business') "customer files," which likely contain copies of any documents, such as Forms W-2, 1099, and receipts for

expenses, provided by the customer for use in preparing the tax return.  This

information is necessary to know what information the tax return preparers

possessed at the time that they prepared the tax returns, and to verify whether the

copies of the tax returns maintained by the tax preparation business (and shown or

provided to customers) match the tax returns filed with the IRS.

Request 5 to Allen and request 4 to the Corporate Defendants seeks

documents showing the amounts paid to the Defendants for the preparation, filing,

and/or signing of federal tax returns, which is relevant to the government's claim

for disgorgement of ill-gotten gains.

Requests 6 and 7 to Allen and requests 5 and 6 to the Corporate Defendants

request franchise agreements, employment agreements, and other documents

related to franchisees and employees, which are relevant to identify potential

witnesses, whether they are franchisees or employees who worked at the

Defendants' businesses.  Request 8 to Allen and request 7 to the Corporate

Defendants also seek fees paid to franchisees and employees, which may be

relevant to showing control over the actions of franchisees and employees.

Request 9 to Allen and request 8 to the Corporate Defendants seeks

documents showing the owners, franchisees, investors, and employees of Allen and

the Defendants' tax preparation business. This is to identify potential witnesses and

potential possessors of relevant documents, and to also determine who received

14

fees and income related to tax return preparation, which is relevant to the government's disgorgement claim.

Request 10 to Allen and request 9 to the Corporate Defendants seeks records of communications between the Defendants and the IRS to show the notice that the Defendants may have received regarding errors on tax returns prepared at the Defendants' businesses.

Request 11 to Allen and request 10 to the Corporate Defendants asks for documents showing the Electronic Filing Identification Numbers that the Defendants and their tax preparation stores used when filing tax returns. These records are necessary so that the government can identify all of the stores owned, franchised, or controlled by the Defendants and identify all of their franchisees and employees who may have registered EFINs with the IRS. Moreover, the government can identify returns filed using those EFINs and compare IRS records of filed tax returns with the records (*i.e.* "customer files" and related electronic records) provided by the Defendants to determine whether the filed tax returns match the information provided by customers and to ensure that the IRS is aware of all of the tax returns that the Defendants and their businesses filed.

Request 12 to Allen and request 11 to the Corporate Defendants seeks documents identifying all customers, necessary to identify possible witnesses and identify all tax returns filed by the Defendants and their tax preparation businesses.

Request 13 to Allen and request 12 to the Corporate Defendants seeks leases or real estate contracts to identify the location of the Defendants' tax preparation stores, the years the stores operated, and who exercised control over those stores.

Request 14 to Allen and request 13 to the Corporate Defendants seeks correspondence between the Defendants and owners, franchisees, and employees of their businesses regarding the preparation of tax returns, necessary to identify any instructions or directives provided from the Defendants to franchisees, owners, or employees, any possible concerns raised by franchisees, owners, or employees to the Defendants, and any other communications which may show how the Defendants controlled the actions of franchisees, owners, or employees or otherwise assisted in the preparation of tax returns.

Requests 15, 16, 17, 18, and 19 to Allen and requests 14, 15, 16, 17, and 18 to the Corporate Defendants seek various training and instructional materials used, created, and disseminated by the Defendants and their franchisees and employees at their tax preparation business related to tax return preparation, communicating with customers, and owning, operating, and franchising a tax preparation business. This material is important to identify the Defendants' instructions to franchisees and employees with respect to all aspects of tax return preparation, how to prepare tax returns, and how to run the Defendants' business or individual franchises.

Request 20 to Allen seeks documents that she relied on when creating the

manual used at or provided to franchisees and employees of The Tax Experts. This is important to identify the basis for the information and directives that Allen provided to franchisees and employees of her tax preparation business, and relates to claims or defenses of Allen and the Defendants regarding the propriety and legality of their actions with respect to their tax preparation business.

Requests 21 through 26 to Allen and requests 19 through 24 to the Corporate Defendants seek various records of communications between the Defendants and franchisees, owners, and employees of their tax preparation business pertaining to preparing tax returns, this lawsuit and any other federal or state investigations concerning the Defendants and their business, the fees charged for preparing tax returns, training provided, and documents such as cheat sheets, training materials, and scripts used for communicating with customers or preparing tax returns. Again, these documents are important to, among other things, showing the Defendants' control over their business, franchisees, and employees, and the actions of their franchisees and employees, the instructions provided to franchisees and employees, the Defendants' knowledge of the practices at their tax preparation stores, and the Defendants' knowledge of the impropriety of the tax return preparation practices at the tax preparation stores that they owned or franchised.

Request 27 to Allen, and request 25 to the Corporate Defendants, seeks advertisements, marketing materials, and third-party loan documents or contracts

used by the Defendants and their business. These records relate to whether the Defendants were guaranteeing tax refunds to customers or using false or deceptive advertising, and to determine if any third-parties were involved with processing customers' tax refunds or providing loans so that third-party discovery may be conducted, if necessary.  Similarly, request 28 to Allen and request 26 to the Corporate Defendants seeks agreements or contracts between the Defendants and any bank or financial institution regarding same day loans, refund advances, or other products that the Defendants and their business marketed or sold.

Requests 29 and 30 to Allen and requests 27 and 28 to the Corporate Defendants seek records showing the identity of the providers or licensors of the tax preparation software and any "bank product" or refund processing services that the Defendants used, to identify third parties that may have relevant records or information regarding the Defendants' customers, tax returns that the Defendants' tax preparation business prepared, and the fees that the Defendants received.

Request 31 to Allen, and request 29 to the Corporate Defendants, seeks business licenses or registrations for the Defendants' tax preparation stores to determine if the stores were registered with state or local authorities and, if so, to possibly obtain discovery from those third-party regulatory bodies, including obtaining any customer complaints or records of any citations or reported violations, and to determine who owned or controlled those stores.

18

Request 32 to Allen and request 30 to the Corporate Defendants seek documents showing the Defendants' ownership of, investment in, or financial arrangements with any tax preparation business, to identify all of the tax preparation stores with which they are affiliated.

Requests 33 through 37 to Allen, and requests 31, 32, and 33 to the Corporate Defendants, seek documents showing the ownership and incorporation of the Corporate Defendants and another business recently created by Allen (Tax Experts on the Go Corporation). This is important to identifying who owns or controls the Corporate Defendants, the Defendants' involvement with tax preparation businesses, how long the Defendants have been involved with tax preparation, who may receive fees paid to the Corporate Defendants, and the business purpose of Allen's new entity, Tax Experts on the Go Corporation. Similarly, request 38 to Allen seeks information regarding income she received or was entitled to receive from Tax Experts on the Go Corporation, to identify her control over that business and may be relevant to our disgorgement claim.

Request 39 to Allen, and request 34 to the Corporate Defendants, asks the Defendants to produce documents showing the email addresses that they and their business use. It is important to identify these email addresses and determine who had access to and control over the email accounts, and to enable the government to request relevant emails originating from or sent to those email addresses (that may

not otherwise be covered by these document requests), to see, for example, what training, direction and assistance the Defendants provided with respect to the preparation of tax returns, instructions or directives the Defendants provided to franchisees, and what additional information that customers may have provided.

Requests 40 through 46 to Allen, and requests 35 through 41 to the Corporate Defendants, seek documents pertaining to any oversight or training provided by third-parties, to determine whether the Defendants (or any third party) have relevant documents or information resulting from training provided by a third party to the Defendants or their franchisees or employees, or any review or audit conducted by a third party of tax preparation at the Defendants' tax preparation stores.  To the extent that the Defendants engaged with a third party to conduct an independent audit of tax preparation at their stores, the results of that audit, and any material that an auditor reviewed to create a report or analysis, are relevant to the claims and defenses in this case.

Requests 47, 48, and 49 to Allen, and requests 42, 43, and 44 to the Corporate Defendants, seek documents showing the income and fees that the Defendants received or were entitled to receive related to a tax preparation store or business.  This request is important to show the Defendants' involvement with and control over tax preparation businesses, and these documents are directly relevant to the government's disgorgement claims and the calculation of the ill-gotten gains

that the Defendants received related to the preparation of false tax returns.

Requests 50, 51, and 52 to Allen, and requests 45, 46, and 47 to the Corporate Defendants, seek documents related to the ownership of any tax preparation business, the sale of any interest in a tax preparation business, and the transfer of proprietary information related to a tax preparation business. This information is relevant to determining the time period that the Defendants owned or controlled a tax preparation business, whether and to whom the Defendants transferred any interest in a tax preparation business, and whether and to whom the Defendants transferred any proprietary tax information.  This is also important to determine who, if anyone, the Defendants are acting in concert with and who may have further information regarding the Defendants' businesses and practices. This may also identify income that the Defendants may have received related to their tax preparation business and that could be classified as ill-gotten gains.

Request 53 to Allen, and request 48 to the Corporate Defendants, seeks documents showing agreements between the Defendants and any individual or entity related to the preparation or filing of tax returns, or the ownership of, franchising of, or investment in a tax preparation business. This is important to identify any individuals or entities with whom or which the Defendants may have agreements related to their involvement with a tax preparation business, and to identify potential third-parties with whom or which the Defendants may be

working or that may possess relevant documents. This is particularly important considering that relatively recently before this suit was filed, Allen and at least one other individual incorporated Tax Experts on the Go Corporation.

Requests 54, 55, and 56 to Allen, and requests 49, 50, and 51 to the Corporate Defendants, seek documents showing policies or procedures regarding the preparation or filing of tax returns provided to franchisors, franchisees, owners, managers, or employees of any tax preparation business that the Defendants owned, franchised, managed, or otherwise controlled; policies or procedures with respect to tax return preparation regarding 1) quality control measures that the Defendants undertook, 2) any review that the Defendants engaged in, and 3) any review that the Defendants required any franchisees, owners, managers, or employees of tax preparation businesses or stores that the Defendants owned, franchised, or managed, to engage in; and documents showing the steps and actions the Defendants took (or policies and practices that the Defendants established) to ensure that franchisees, owners, managers, or employees of any tax preparation business or store that the Defendants owned, franchised, managed, or otherwise controlled, were qualified to prepare and file tax returns, possessed significant knowledge to prepare and file tax returns, and properly and accurately prepared and filed tax returns. These documents may show what actions the Defendants took (or failed to take) in connection with ensuring the proper and legal

preparation of tax returns at the tax preparation businesses and stores that they owned, franchised, managed, or otherwise controlled.

Finally, requests 57 and 58 to Allen, and requests 52 and 53 to the Corporate Defendants, seek promotional and marketing materials that the Defendants provided to their franchisees, owners, managers, or employees, or potential franchisees, owners, managers, or employees, of any tax preparation business or store that the Defendants owned, franchised, managed, or otherwise controlled, and documents and materials showing how, where, when, and to whom the Defendants advertised, marketed, franchised, and sold any tax preparation business or store that they owned, franchised, managed, or otherwise controlled, including but not limited to The Tax Experts. These documents are important to identify the Defendants' actions and involvement in organizing, promoting, marketing, selling, or franchising a tax preparation business, including The Tax Experts.

### 3. The United States has been Prejudiced by the Defendants' Failure to Respond to the Discovery Requests.

The Defendants' failure to respond to the government's interrogatories and document requests has prejudiced the government, as it has essentially stopped discovery in its tracks.  The government seeks to request some information from third-parties, but the Defendant has yet to identify third-parties that may possess relevant evidence.  We have not begun taking customer depositions because, for example, we do not yet have the customer files containing the documents that

23

customers provided to their tax return preparers.  And the government is pursuing a disgorgement claim for hundreds of thousands (if not millions) of dollars without the Defendants producing any records showing the exact amount of fees and income that they received in connection with the preparation of tax returns, when we expect them to contest the disgorgement amount based on the very records they have not produced.  Moreover, the government cannot engage in settlement discussions until it knows the amount of fees that the Defendants received for preparing tax returns. This information is in the possession of the Defendants and third-parties that the Defendants have not identified. Thus, the Defendants should be compelled to respond to the interrogatories and document requests.

## B.  The Defendants Should be Compelled to Provide Rule 26(a)(1) Disclosures.

The Court ordered the parties to exchange initial disclosures by August 13, 2021. The Defendants have not done so.  As with the Defendants' failure to respond to the government's discovery requests, their failure to comply with Rule 26(a)(1) has prevented the parties from moving this case forward. The Defendants should be compelled to immediately produce their Rule 26(a)(1) disclosures.

## III.  Conclusion

For the foregoing reasons, the Court should enter an order compelling the Defendants to serve on the United States complete Rule 26(a)(1) Initial Disclosures, responses to the government's First Set of Interrogatories, and

responses to the government's First Set of Requests for Production of Documents.

Dated: November 22, 2021                    Respectfully submitted,

                                            SAIMA SHAFIQ MOHSIN
                                            Acting United States Attorney
                                            DAVID A. HUBBERT
                                            Acting Assistant Attorney General

                                            s/ Daniel A. Applegate
                                            DANIEL A. APPLEGATE (P70452)
                                            Trial Attorney, Tax Division
                                            U.S. Department of Justice
                                            P.O. Box 7238, Ben Franklin Station
                                            Washington, D.C. 20044
                                            Telephone: (202) 353-8180
                                            Fax: (202) 514-6770
                                            daniel.a.applegate@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 22, 2021, I filed the foregoing United States' Motion to Compel Rule 26(a)(1) Disclosures, Responses to Interrogatories, and Requests for Production of Documents and Brief in Support through the Court's CM/ECF system.


<u>s/ Daniel A. Applegate</u>
DANIEL A. APPLEGATE
Trial Attorney, Tax Division