UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

-vs.-                                        Case no. 2:21-cv-10620-MAG-KGA

JEANISIA SAQUISE ALLEN; FIRST
CHOICE TAX SOLUTIONS, LLC; THE
TAX EXPERTS, INC.; THE TAX EXPERTS,
LLC; and TOP NOTCH TAXES, INC.,

        Defendants.
_____/

## **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

Defendants, by and through their counsel, Aldrich Legal Services, PLLC, submit this Response to Plaintiff's Motion to Compel.

Defendants licensed tax-preparation software to tax-preparation businesses. They do not control the individual businesses that utilized the software, nor do they supervise the individual tax preparers.

On August 16, 2021, Plaintiff served interrogatories and document requests for each of Defendants. At the time, Defendants were represented by Leon Wiess of Aldrich Legal Services. Due to family health issues, Mr. Wiess was compelled to retire from practice on short notice. Plaintiff agreed to give additional time to respond to the discovery requests. On September 29, 2021, current counsel filed his appearance and began familiarizing himself with the case.

The delay in the service of Defendants' Initial Disclosures was a result of the change of attorneys and the current attorney's forgetfulness. Upon receiving Plaintiff's motion to compel

on November 22, 2021, the Initial Disclosures were promptly prepared and served via U.S. mail that same day. An email copy was sent to Plaintiffs' counsel on November 29, 2021.

Defendants began working on the responses to the interrogatories on September 29, 2021, but it has taken time. To start, there are a total of seventy-five interrogatories that Defense counsel had to address. The current counsel is also still gaining an understanding of how Defendants operated, which has increased the time to prepare the responses. The responses were completed and served by email and first-class mail on November 30, 2021.

Defendants have expressed a desire to reach a settlement in this action, and Plaintiff has been open to settlement as well. Ideally, the information provided in the interrogatory responses will provide Plaintiff with sufficient information to craft a settlement it believes is appropriate without the need to expend the time and costs of providing a full document production.

Counsel for the parties spoke on the phone on November 29, 2021. Defense counsel apologized for the delay and requested that Plaintiff consent to extending the time for production of documents until Plaintiff has had sufficient time to review the interrogatory responses and discuss settlement. Plaintiff's counsel expressed a willingness for such an outcome, but understandably could not commit until he received and reviewed the interrogatory responses.

To that end, Defendants request that this Court extend their time to respond to the document requests to give Plaintiff the opportunity to review the interrogatory responses and formulate a potential settlement. Defendants request sixty days to allow the parties to explore settlement before engaging in a costly document production.

Defense counsel apologizes profusely for the delays in discovery and that it has taken up the precious resources of this Court.

Accordingly, Defendants' request that this Court set a control date in approximately sixty days to determine the status of settlement discussions.

Date: November 30, 2021	Respectfully submitted,

/s/: *Edward G. Warren*
Edward G. Warren (P84096)
Aldrich Legal Services, PLLC
*Counsel for Defendants*
276 South Union Street
Plymouth, Michigan 48170
(734) 404-3000
edward@aldrichlegalservices.com

## DEFENDANTS' BRIEF IN RESPONSE TO MOTION TO COMPEL

Defendants do not dispute the rules of law set forth in Plaintiff's moving brief. The only rule Defendants seek to add is that this Court has broad discretion over discovery. *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993).

The delay in Defendants' responses was not in any way a tactic or an effort to avoid providing discovery. A change in counsel occurred. Current counsel did work diligently to address the discovery requests, but it took time to both understand Defendants' operations and formulate responses. The delay in preparing and serving the initial disclosures was an oversight that was immediately corrected when Plaintiff filed its motion.

As stated in the response above, Defendants are hoping to work out a settlement with Plaintiff that will obviate the need for costly document production. To that end, Defendants request that this Court exercise its discretion and set a control date in sixty days for the parties to report back on the status of settlement discussions.

Date: November 30, 2021					Respectfully submitted,

/s/: *Edward G. Warren*
Edward G. Warren (P84096)
Aldrich Legal Services, PLLC
*Counsel for Defendants*
276 South Union Street
Plymouth, Michigan 48170
(734) 404-3000
edward@aldrichlegalservices.com

2

## CERTIFICATE OF SERVICE

      I hereby certify that on November 30, 2021, I electronically filed the foregoing document using the CM/ECF system, which will send notification to all registered users.

/s/: *Edward G. Warren*
Edward G. Warren